

MWS & MD: 2019R00___



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * **CRIMINAL NO.** CCB-19-0371 |
| | * |
| **LAKEYA N. ALDRIDGE,** | * **(Conspiracy to Commit Sex Trafficking,** |
| a/k/a "Keys," | * **18 U.S.C. § 1594(c); Sex Trafficking by** |
| a/k/a "Keya," | * **Force, Fraud, and Coercion, 18 U.S.C.** |
| **JOSHUA I. LANKFORD** | * **§§ 1591(a) and (b)(1); Conspiracy to** |
| a/k/a "20-20," | * **Commit Kidnapping, 18 U.S.C.** |
| a/k/a "20," | * **§§ 1201(a)(1),(c); Kidnapping, 18 U.S.C.** |
| a/k/a "Light Bright," | * **§§ 1201(a)(1); Aiding & Abetting,** |
| a/k/a "Yellow," and | * **18 U.S.C. § 2; Forfeiture, 18 U.S.C.** |
| **KEVONNE L. MURPHY** | * **§ 981(a)(1)(C), 18 U.S.C. §§ 1594(d)(1)** |
| a/k/a "Humble," | * **and (d)(2), 21 U.S.C. § 853, 28 U.S.C.** |
| a/k/a "Shackles," | * **§ 2461(c))** |
| | * |
| | * |
| **Defendants.** | * |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Sex Trafficking)

The Grand Jury for the District of Maryland charges that:

#### The Defendants

At all times relevant to this Indictment,

1.    **LAKEYA N. ALDRIDGE, a/k/a "Keys," a/k/a "Keya,"** (hereinafter **"ALDRIDGE"**), born in 1980, was a resident of Maryland.

2.    **JOSHUA I. LANKFORD, a/k/a "20-20," a/k/a "20," a/k/a "Light Bright,"** a/k/a **"Yellow"** (hereinafter **"LANKFORD"**), born in 1988, was a resident of Delaware.

1

3.      **KEVONNE MURPHY, a/k/a "Humble," a/k/a "Shackles,"** (hereinafter **"MURPHY"**), born in 1991, was a resident of Maryland.

4.      **LANKFORD, MURPHY,** and **ALDRIDGE** engaged in the business of recruiting, enticing, harboring, transporting, providing, obtaining, advertising, and maintaining by any means an adult female, K.A., to engage in commercial sex acts for their own financial benefit.

### The Sex Trafficking Victim

5.      K.A. was a resident of Maryland.  K.A. was an adult female who engaged in commercial sex acts for **ALDRIDGE, LANKFORD,** and **MURPHY.**

### The Conspiracy

6.      Beginning at a time unknown, but no earlier than on or about October 1, 2018, and continuing through on or about October 30, 2018, in the District of Maryland, the District of Delaware, and elsewhere, the defendants,

**LAKEYA N. ALDRIDGE,**
a/k/a **"Keys,"**
a/k/a **"Keya,"**
**JOSHUA I. LANKFORD**
a/k/a **"20-20,"**
a/k/a **"20,"**
a/k/a **"Light Bright,"**
a/k/a **"Yellow," and**
**KEVONNE L. MURPHY**
a/k/a **"Humble,"**
a/k/a **"Shackles,"**

together with others, known and unknown to the Grand Jury, did knowingly in and affecting interstate and foreign commerce, combine, conspire, confederate and agree to violate Title 18, United States Code, Section 1591, namely, to recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means a person, and benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard

2

of the fact, that means of force, threats of force, fraud, and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act.

### Manner and Means of the Conspiracy

7.      It was part of the conspiracy that **ALDRIDGE, LANKFORD, and MURPHY,** and others both known and unknown to the Grand Jury, received and attempted to receive monies by having K.A. engage in commercial sex acts at their direction.

8.      It was further part of the conspiracy that **ALDRIDGE, LANKFORD,** and **MURPHY** transported K.A. on "out calls," taking K.A. to hotel rooms and other locations occupied by commercial sex customers for the purpose of engaging in commercial sex, which included the transportation of K.A. across state lines.

9.      It was further part of the conspiracy that **ALDRIDGE, LANKFORD,** and **MURPHY** rented various hotel rooms, for K.A. to use to engage in commercial sex acts. **ALDRIDGE** made payments for the hotel rooms in which K.A. engaged in commercial sex acts at the direction of **ALDRIDGE, LANKFORD, and MURPHY.**

10.     It was further part of the conspiracy that **ALDRIDGE, LANKFORD,** and **MURPHY,** and others both known and unknown to the Grand Jury, used vehicles, public highways, motels and hotels, telephones, internet-enabled devices and the internet to facilitate the commercial sex acts.

11.     It was further part of the conspiracy that **ALDRIDGE, LANKFORD,** and **MURPHY** advised K.A. to use their cellular telephones in order to utilize the internet, including Facebook, to contact customers and make arrangements to perform commercial sex in Maryland and Delaware.

12.     It was further part of the conspiracy that **ALDRIDGE** provided narcotic substances to K.A., including heroin, in connection with and in order to recruit, entice, obtain, and maintain K.A. throughout the course of her engaging in commercial sex acts.

13.     It was further part of the conspiracy that **ALDRIDGE, LANKFORD,** and **MURPHY** used violence and threats of violence against K.A. in furtherance of their desire for K.A. to engage in commercial sex acts at their direction, and specifically in order to transport her to a location in order to do so.

14.     In furtherance of the conspiracy, and to affect the objects thereof, **ALDRIDGE, LANKFORD,** and **MURPHY,** and others both known and unknown to the Grand Jury, engaged in the following acts in the District of Maryland, the District of Delaware, and elsewhere:

a.      Before on or about October 28, 2018, **ALDRIDGE, LANKFORD,** and **MURPHY** transported and caused to be transported K.A., from Maryland to Delaware to engage in commercial sex acts at various motels and/or hotels;

b.      **ALDRIDGE, LANKFORD,** and **MURPHY** caused K.A. to communicate with and solicit potential commercial sex customers via the internet, including Facebook, on their cellular devices.

c.      On or about October 29, 2018, K.A. performed commercial sex acts in Maryland at the direction of **ALDRIDGE, LANKFORD,** and **MURPHY**;

d.      On or about October 29, 2018, **ALDRIDGE, LANKFORD,** and **MURPHY** used force, threats of force and intimidation, and physically assaulted K.A., in order to transport K.A. against her will, from Federalsburg, Maryland, to a motel in Laurel, Delaware, for the purpose of continuing the sex trafficking conspiracy.

4

18 U.S.C. § 1594(c)
18 U.S.C. § 2

## COUNT TWO
### (Sex Trafficking by Force, Fraud, and Coercion)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in Paragraphs 1 through 5 and 7 through 14 of Count One of this Indictment are incorporated by reference here.

2.      Beginning at a time unknown, but no earlier than on or about October 1, 2018, and continuing through on or about October 30, 2018, in the District of Maryland, the District of Delaware, and elsewhere, the defendants,

**LAKEYA N. ALDRIDGE,**
**a/k/a "Keys,"**
**a/k/a "Keya,"**
**JOSHUA I. LANKFORD**
**a/k/a "20-20,"**
**a/k/a "20,"**
**a/k/a "Light Bright,"**
**a/k/a "Yellow," and**
**KEVONNE L. MURPHY**
**a/k/a "Humble,"**
**a/k/a "Shackles,"**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means a person, namely, K.A., and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause K.A. to engage in a commercial sex act.

18 U.S.C. §§ 1591(a), (b)(1)
18 U.S.C. § 2

6

## COUNT THREE
### (Conspiracy to Commit Kidnapping)

The Grand Jury for the District of Maryland further charges that:

1.     The allegations set forth in Paragraphs 1 through 5 and 7 through 14 of Count One of this Indictment are incorporated by reference here.

2.     Beginning on or about October 29, 2018 and continuing through October 30, 2018, in the District of Maryland, the District of Delaware, and elsewhere, the defendants,

**LAKEYA N. ALDRIDGE,**
**a/k/a "Keys,"**
**a/k/a "Keya,"**
**JOSHUA I. LANKFORD**
**a/k/a "20-20,"**
**a/k/a "20,"**
**a/k/a "Light Bright,"**
**a/k/a "Yellow," and**
**KEVONNE L. MURPHY**
**a/k/a "Humble,"**
**a/k/a "Shackles,"**

together with others, known and unknown to the Grand Jury, did knowingly in and affecting interstate and foreign commerce, combine, conspire, confederate and agree to violate Title 18, United States Code, Section 1201, namely, to unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away and hold for ransom, reward and otherwise, K.A., and, in committing and in furtherance of the commission of the offense did willfully transport K.A. in interstate commerce from Maryland to Delaware in violation of 18 U.S.C. § 1201(a).


18 U.S.C. §§ 1201(a) and (c).
18 U.S.C. § 2

## COUNT FOUR
### (Kidnapping)

The Grand Jury for the District of Maryland further charges that:

3.       The allegations set forth in Paragraphs 1 through 5 and 7 through 14 of Count One

of this Indictment are incorporated by reference here.

4.       Beginning on or about October 29, 2018 and continuing through October 30, 2018,

in the District of Maryland, the District of Delaware, and elsewhere, the defendants,

**LAKEYA N. ALDRIDGE,**
**a/k/a "Keys,"**
**a/k/a "Keya,"**
**JOSHUA I. LANKFORD**
**a/k/a "20-20,"**
**a/k/a "20,"**
**a/k/a "Light Bright,"**
**a/k/a "Yellow," and**
**KEVONNE L. MURPHY**
**a/k/a "Humble,"**
**a/k/a "Shackles,"**

did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away and

hold for ransom, reward and otherwise, K.A., and, in committing and in furtherance of the

commission of the offense did willfully transport K.A. in interstate commerce from Maryland to

Delaware in violation of 18 U.S.C. § 1201(a).


18 U.S.C. §§ 1201(a)
18 U.S.C. § 2

8

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1.      The Allegations contained on Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. §§ 1594(d)(1) and (d)(2), and 28 U.S.C. § 2461.

2.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in the event of a conviction on any Count of this Indictment.

3.      Pursuant to 18 U.S.C. §§ 1594(d)(1) and (d)(2), upon conviction of Counts One and/or Two of the Indictment, Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594(c) and Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a) and (b)(1), the defendants

**LAKEYA N. ALDRIDGE,**
**a/k/a "Keys,"**
**a/k/a "Keya,"**
**JOSHUA I. LANKFORD**
**a/k/a "20-20,"**
**a/k/a "20,"**
**a/k/a "Light Bright,"**
**a/k/a "Yellow," and**
**KEVONNE L. MURPHY**
**a/k/a "Humble,"**
**a/k/a "Shackles,"**

shall forfeit to the United States of America any property, real or personal, constituting, traceable, or derived from gross profits or other proceeds obtained, directly or indirectly, from the offense; and their interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense listed in Counts One and/or Two of the Indictment.

9

4.      Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of

Counts Three and/or Four of the Indictment, Conspiracy to Commit Kidnapping in violation of

18 U.S.C. §§ 1201(a)(1) and (c) and Kidnapping in violation of 18 U.S.C. § 1201(a)(1), the

defendants

**LAKEYA N. ALDRIDGE,**
**a/k/a "Keys,"**
**a/k/a "Keya,"**
**JOSHUA I. LANKFORD**
**a/k/a "20-20,"**
**a/k/a "20,"**
**a/k/a "Light Bright,"**
**a/k/a "Yellow," and**
**KEVONNE L. MURPHY**
**a/k/a "Humble,"**
**a/k/a "Shackles,"**

shall forfeit to the United States of America any property, real or personal, constituting,

traceable, or derived from gross profits or other proceeds obtained, directly or indirectly, from

the offense.

5.      If any of the property described above as being subject to forfeiture pursuant to 18

U.S.C. § 981(a)(1)(C), 18 U.S.C. §§ 1594(d)(1) and (d)(2), and 28 U.S.C. § 2461, as a result of

any act or omission of the defendants,

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property that cannot be subdivided without
         difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853 (p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981
18 U.S.C. § 1594
28 U.S.C. § 2461
21 U.S.C. § 853

Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

8/1/19

DATE

11