IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. CCB-19-0371 |
| **JOSHUA LANKFORD, et al.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS JAIL CALLS

Defendant Joshua Lankford, by and through his undersigned counsel, James Wyda, Federal Public Defender for the District of Maryland, and Brendan A. Hurson, Assistant Federal Public Defender, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress jail calls seized in violation of the Fourth Amendment to the United States Constitution through the improper use of a Grand Jury subpoena:

1. Mr. Lankford is charged with co-defendants Lakeya Aldridge and Kevonne Murphy in a four (4) count indictment alleging a conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) and 18 U.S.C. § 2 (count 1), sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. §§ 1591(a) and (b)(1), and 18 U.S.C. § 2 (count 2); conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 1201(a) and (c), and 18 U.S.C. § 2 (count 3), and kidnapping in violation of 18 U.S.C. § 1201(a), and 18 U.S.C. § 2 (count 4).

2. On July 12, 2019, Mr. Lankford was charged by Complaint with conspiracy to commit sex trafficking, sex trafficking by force, fraud, or coercion, and kidnapping. See Complaint, 19-mj-2308, 1. On August 1, 2019, the above-noted Indictment was returned by the

Grand Jury. Indictment, 1. Mr. Lankford made his initial appearance soon thereafter and was detained. He has remained in custody ever since.

2. On or about November 25, 2019, a federal grand jury subpoena issued to the Custodian of Records of the Correctional Treatment Facility (then Mr. Lankford's place of incarceration) seeking testimony before the federal Grand Jury on December 10, 2019. GJ Subpoena, 2. The custodian was ordered to "please provide any and all calls, including unanswered dialed calls, made by inmate Joshua Lankford, USMS No.64899037 for the time period from August, 2019 to present." Id. The subpoena permitted the recipient to provide the records directly to a Homeland Security Investigations agent via email, and also came with a cover letter demanding the recipient "not to disclose the existence of this subpoena" and permitting the records to be supplied directly to the Office of the United States Attorney in lieu of the custodian's appearance. Id.

3. On December 7, 2019, the D.C. Department of Corrections responded to the request by providing, among other items, audio recordings of 391 phone calls purportedly placed by Mr. Lankford from 8/1/2019 to 12/7/2019. It is anticipated that the government may offer certain of the jail calls into evidence at trial.

4.      The jail calls must be suppressed since the calls were secured pursuant to the unlawful use of a grand jury subpoena.  "[I]t is the universal rule that prosecutors cannot utilize the grand jury solely or even primarily for the purpose of gathering evidence in pending litigation." United States v. Moss, 756 F.2d 329, 332 (4th Cir. 1985) (collecting cases).  "Once a defendant has been indicted, the government is precluded from using the grand jury for the 'sole or dominant purpose' of obtaining additional evidence against him."  Id. (citing United States v. (Under Seal), 714 F.2d 347, 350 (4th Cir. 1983).  "Thus, practices which do not aid the grand jury in its quest for information bearing on the decision to indict are forbidden." (Under Seal), 714 F.2d at 349.  "This includes use of the grand jury by the prosecutor . . . as a means of . . . criminal discovery."  Id. at 350 (citing In re Grand Jury Proceedings, 632 F.2d 1033 (3d Cir. 1980)).

5.      The challenged grand jury subpoena issued in late November of 2019, well over a year after Mr. Lankford's indictment and well after the investigation into his alleged criminal activity had closed.  The subpoena issued after several alleged co-conspirators had pleaded guilty and all that remained was the motions hearing and trial of Mr. Lankford and Ms. Aldridge.  As such, there can be no reasonable claim that the enforcement of the grand jury subpoena aided the grand jury in its decision to indict.  Rather, the "sole purpose" of the grand jury subpoena was to collect additional evidence for use at a motions hearing or trial, the precise type of "discovery" forbidden under the precedent cited above.

6.  Since the jail calls were secured pursuant to the unlawful use of a grand jury subpoena for the sole or dominant purpose of obtaining additional evidence against Mr. Lankford at trial, the evidence must be suppressed.

**WHEREFORE**, the defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/
BRENDAN A. HURSON (Bar # 28179)
Assistant Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland, 21201
(410) 962-3962 (p)
(410) 962-0872 (f)
Email: brendan_hurson@fd.org

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on this Motion.

_____/s/
BRENDAN A. HURSON
Assistant Federal Public Defender